Colin P. King, Esq. #A1815
DEWSNUP, KING & OLSEN
2020 Beneficial Life Tower
36 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 533-0400
Fax: (801) 363-4218

Donald J. Nolan *Pro hac vice pending*
Orla M. Brady *Pro hac vice pending*
NOLAN LAW GROUP
20 North Clark, 30th Floor
Chicago, Illinois 60602
Telephone: (312) 630-4000
Fax: (312) 630-4011

Jerome L. Skinner *Pro hac vice pending*
NOLAN LAW GROUP
3074 Madison Road
Cincinnati, Ohio 45209
Telephone: (513) 721-1350
Fax: 513-721-8311

Attorneys for Plaintiffs

FILED
U.S. DISTRICT COURT

2005 JUL 21  P 2: 32

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ROBERTA VILLANUEVA, individually and as personal representative of the estate of FRED VILLANUEVA, deceased; MARK FREDRICK VILLANUEVA, MATTHEW LEE VILLANUEVA, NICOLE LYNN VILLANUEVA, and RAYMOND MICHAEL VILLANUEVA,<br><br>                      Plaintiffs,<br>vs.<br><br>CESSNA AIRCRAFT COMPANY, a corporation, and GOODRICH CORPORATION,<br><br>                      Defendants. | **COMPLAINT FOR PERSONAL INJURY AND WRONGFUL DEATH**<br><br>**REQUEST FOR JURY DEMAND**<br><br>Judge Ted Stewart<br>DECK TYPE: Civil<br>DATE STAMP: 07/21/2005 @ 14:34:46<br>CASE NUMBER: 1:05CV00097 TS |

NOW COME the plaintiffs by and through undersigned counsel, and complaining against the defendants, and each of them, state as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages arising from the personal injuries and wrongful death suffered by Fred Villanueva while aboard a Cessna Model 208B aircraft that crashed into the ground near Bellevue, Idaho on December 6, 2004.

2.      Subject matter jurisdiction is proper in this court pursuant to 28 U.S.C. §1332(a) as this is an action wherein:

- (a)   the decedent, Fred Villanueva, at the time of his death was a citizen of the State of Utah, and Roberta Villanueva, individually and in her representative capacity on behalf of the decedent's estate pursuant to 28 U.S.C. §1332(c)(2) is a citizen of the State of Utah;

- (b)   the plaintiffs, Mark Fredrick Villanueva, Nicole Lynn Villanueva and Raymond Michael Villanueva, and each of them, are citizens of the State of California; and the plaintiff, Matthew Lee Villanueva is a citizen of the State of Arizona;

- (c)   The defendant, Cessna Aircraft Company is a corporation organized and existing under the laws of the State of Kansas with its principal place of business in Kansas;

- (d)   the defendant, Goodrich Corporation, is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of North Carolina; and

- (e)   the amount in controversy exceeds the sum of seventy-five thousand U.S. dollars ($75,000.00), exclusive of interest and costs.

3.      Venue in the District of Utah satisfies the requirements of 28 U.S.C. §1391(a), in that one or more of the defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this

judicial district, and/or one or more of the defendants are subject to personal jurisdiction in this district and there is no other district in which the action may be otherwise brought.

## GENERAL CLAIMS

4. The plaintiff, Roberta Villanueva, is the surviving spouse of Fred Villanueva, deceased, and is the personal representative of the estate of Fred Villanueva pursuant to order of the District Court, Second Judicial District of the State of Utah. The plaintiffs, Mark Fredrick Villanueva, Matthew Lee Villanueva, Nicole Lynn Villanueva and Raymond Michael Villanueva, are the natural children and heirs of Fred Villanueva, deceased.

5. The Cessna Aircraft Company is a corporation organized and existing under the laws of the State of Kansas and is engaged in the business of placing certain products into the stream of commerce with the reasonable expectation of them reaching the State of Utah and did so, in fact, on multiple occasions and in multiple transactions place into the stream of commerce certain products which were physically present within the State of Utah on December 6, 2004.

6. On December 6, 2004 and at all times herein relevant, the Cessna Aircraft Company did and continues to do business in the State of Utah.

7. The Goodrich Corporation is a corporation organized and existing under the laws of the State of New York, doing business in all 50 states, including the State of Utah, where the Goodrich Corporation transacts substantial systematic and continuous business.

3

8. On December 6, 2004 and at all times herein relevant, the Goodrich Corporation did and continues to do business in the State of Utah.

9. In or about the year 2000, the Cessna Aircraft Company manufactured, assembled and sold a certain Cessna model 208B aircraft known as a "Caravan" bearing airframe serial number 208B0866 (hereinafter "Accident Aircraft").

10. The Accident Aircraft was manufactured pursuant to the design of the Cessna Aircraft Company and by authority from the U.S. Federal Aviation Administration under Type Certificate A37CE.

11. Subsequent to its original sale of the Accident Aircraft, the Cessna Aircraft Company continued to provide customer support for the Accident Aircraft, including Alert Service Bulletins, Service Bulletins, Manual revisions and other like customer support services.

12. The Goodrich Corporation designed and manufactured an aircraft deicing system which was incorporated on the Accident Aircraft and included pneumatic deicing boots on the inboard and outboard wing, horizontal stabilizer, struts, vertical fin, fairing and cargo box sections of the Accident Aircraft.

13. At all times herein relevant, the Accident Aircraft was certified by the Federal Aviation Administration to fly in known icing conditions.

14. On December 6, 2004, the Accident Aircraft was being operated under the provisions of 14 C.F.R. Part 135 as an on-demand cargo flight from Salt Lake City, Utah destined for Friedman Memorial Airport (SUN), Hailey, Idaho.

15. On December 6, 2004, Fred Villanueva, a fully qualified pilot, was aboard the Accident Aircraft for its flight from Salt Lake City to SUN.

16. On December 6, 2004 the pilot of a Cessna Citation 525 that flew the same approach to SUN as the Accident Aircraft reported picking up moderate mixed ice on the wings and windshield of the Cessna Citation.

17. On December 6, 2004 at approximately 10:20 a.m. Mountain Standard Time, the Accident Aircraft crashed onto flat open terrain located approximately seven miles south of Bellevue, Idaho and some nine miles short of the runway at SUN.

## PRODUCTS LIABILITY CLAIMS
## AGAINST CESSNA AIRCRAFT COMPANY

18. The allegations of the preceding paragraphs are incorporated by reference as if fully rewritten herein.

19. At the time that the Accident Aircraft was placed into the stream of commerce by the defendant Cessna Aircraft Company, it was defective and/or unreasonably dangerous in violation of the applicable laws in many respects, including but not limited to one or of the following particulars:

- (a) The airfoil selected in the design of the aircraft was known to have a dangerous propensity for degraded performance in icing and frost conditions;

- (b) The aircraft deicing system of the Cessna 208B was not able to adequately shed ice accumulating on the aircraft;

- (c) The deicing system of the Cessna 208B did not cover a sufficient surface area of the wings and horizontal tail to provide the aircraft with protection from ice accumulating on its surfaces;

(d) The deicing system and the design of the airfoil on the Cessna 208B aircraft created an ice ridge aft of the deicing boots that dangerously degraded the performance of the aircraft;

(e) The aircraft failed to incorporate proper and adequate ice sensors and ice detection illumination in and on the aircraft; and

(f) The flight manual and other manuals containing the instructions on use and warnings relative to the aircraft failed to contain proper and sufficient instructions and warnings relating to the operation of the Accident Aircraft and meteorological conditions conducive to icing.

20. The defective nature of the Cessna aircraft, and conduct of the Cessna Aircraft Company individually and/or by and through its agents, employees or representatives in the design, formulation, production, creation, construction, supply, assembly or sale of the Accident Aircraft were direct and proximate causes of the death of Fred Villanueva resulting in the injury, pain and suffering, mental anguish and death of plaintiffs' decedent, Fred Villanueva, and resulting in substantial injuries and damages to plaintiffs.

WHEREFORE, the plaintiffs, Roberta Villanueva, individually and as personal representative of the estate of Fred Villanueva, deceased, Mark Frederick Villanueva, Matthew Lee Villanueva, Nicole Lynn Villanueva, and Raymond Michael Villanueva, and each of them, pray that judgment be entered in their favor and against the defendant, Cessna Aircraft Company, in an amount representing full compensatory damages for the losses suffered together with interest, attorney's fees and the costs of this action.

## PRODUCTS LIABILITY CLAIMS
## AGAINST THE DEFENDANT GOODRICH CORPORATION

21.  The allegations of the preceding paragraphs are incorporated by reference as if fully rewritten herein.

22.  At the time that the Accident Aircraft was placed into the stream of commerce by the Cessna Aircraft Company, the pneumatic deicing system manufactured by the defendant Goodrich Corporation, was defective and/or unreasonably dangerous in violation of the applicable laws in many respects, including but not limited to one or of the following particulars:

- (a) The airfoil selected in the design of the aircraft was known to have a dangerous propensity for degraded performance in icing and frost conditions;

- (b) The aircraft deicing system of the Cessna 208B manufactured by Goodrich Corporation was not able to adequately shed ice accumulating on the aircraft;

- (c) The deicing system of the Cessna 208B manufactured by Goodrich Corporation did not cover a sufficient surface area of the wings and horizontal tail to provide the aircraft with protection from ice accumulating on its surfaces;

- (d) The deicing system and the design of the airfoil on the Cessna 208B aircraft created an ice ridge aft of the deicing boots that dangerously degraded the performance of the aircraft;

- (e) The aircraft failed to incorporate proper and adequate ice sensors and ice detection illumination in and on the aircraft; and

- (f) The flight manual and other manuals containing the instructions on use and warnings relative to the aircraft failed to contain proper and sufficient instructions and warnings relating to the operation of the Accident Aircraft and meteorological conditions conducive to icing.

23.  The defective nature of the Cessna aircraft, and conduct of the Goodrich Corporation individually and/or by and through its agents, employees or representatives in the design, formulation, production, creation, construction, supply, assembly or sale of the Accident Aircraft were direct and proximate causes of the death of Fred Villanueva resulting in the injury, pain and suffering, mental anguish and death of plaintiffs' decedent, Fred Villanueva, and resulting in substantial injuries and damages to plaintiffs.

WHEREFORE, the plaintiffs, Roberta Villanueva, individually and as personal representative of the estate of Fred Villanueva, deceased, Mark Frederick Villanueva, Matthew Lee Villanueva, Nicole Lynn Villanueva, and Raymond Michael Villanueva, and each of them, pray that judgment be entered in their favor and against the defendant, Goodrich Corporation, in an amount representing full compensatory damages for the losses suffered together with interest, attorney's fees and the costs of this action.

## NEGLIGENCE OF THE CESSNA AIRCRAFT COMPANY AND GOODRICH CORPORATION

24.  The allegations of the preceding paragraphs are incorporated by reference as if fully rewritten herein.

25.  That at all times herein relevant, it was the duty of the defendants Cessna Aircraft Company and Goodrich Corporation, to exercise reasonable care in the design, manufacture, assembly, sale and/or distribution of the aforesaid aircraft so as not to cause injury to or the death of members of the public, inclusive of the plaintiffs' decedent, and in accordance with sound engineering principles and the minimal design requirements of the Federal Air Regulations as set forth in 14 C.F.R. Part 23. Each defendant had certain

additional duties relative to the design, manufacture, testing, and instructions as to use and warnings, which were pertinent to the subject Cessna 208B aircraft.

26. Not withstanding the aforesaid duties the defendants, Cessna Aircraft Company and Goodrich Corporation breached their duty or duties to members of the public, inclusive of plaintiff's decedent.

27. As a direct and proximate result of each of the defendants' breach of its duty or duties to Fred Villanueva, the plaintiff's decedent received injuries which caused him pain and suffering and mental anguish until the time of his death.

WHEREFORE, the plaintiffs, Roberta Villanueva, individually and as personal representative of the estate of Fred Villanueva, deceased, Mark Frederick Villanueva, Matthew Lee Villanueva, Nicole Lynn Villanueva, and Raymond Michael Villanueva, and each of them, pray that judgment be entered in their favor and against the defendants, Cessna Aircraft Company and Goodrich Corporation, and each of them, in an amount representing full compensatory damages for the losses suffered together with interest, attorney's fees and the costs of this action.

### CESSNA AIRCRAFT COMPANY AND GOODRICH CORPORATION
### BREACH OF WARRANTY

28. The allegations of the preceding paragraphs are incorporated by reference as if fully rewritten herein.

29. That before and at the time of the sale and delivery of the aforesaid aircraft, the defendants Cessna Aircraft Company and Goodrich Corporation made certain

expressed and implied warranties as to said aircraft and its pneumatic deicing systems that it was fit for its intended purpose and not unreasonably dangerous and free from defects.

30.     The plaintiff's decedent, by way of his operation and reliance upon the aircraft and its pneumatic deicing systems was a beneficiary of the warranties extended by the defendants Cessna Aircraft Company and Goodrich Corporation.

31.     At the time that the Accident Aircraft, the Cessna 208B was sold and delivered by defendant Cessna Aircraft Company, the defendants collectively breached their warranties that the aircraft was fit for its intended purpose, not unreasonably dangerous and free from defects.

32.     That as a direct and proximate result of the foregoing breach of warranties, the aforesaid aircraft was forced to crash into the ground south of Bellevue, Idaho causing plaintiff's decedent to sustain injuries which caused him pain and suffering and mental anguish until the time of his death.

WHEREFORE, the plaintiffs, Roberta Villanueva, individually and as personal representative of the estate of Fred Villanueva, deceased, Mark Frederick Villanueva, Matthew Lee Villanueva, Nicole Lynn Villanueva, and Raymond Michael Villanueva, and each of them, pray that judgment be entered in their favor and against the defendants, Cessna Aircraft Company and Goodrich Corporation, and each of them, in an amount representing full compensatory damages for the losses suffered together with interest, attorney's fees and the costs of this action.

## CLAIMS PURSUANT TO APPLICABLE WRONGFUL DEATH AND SURVIVAL STATUTES

33.     The allegations of the preceding paragraphs are incorporated by reference as if fully rewritten herein.

34.     Plaintiff Roberta Villanueva acting individually, and in her representative capacity as the personal representative of the decedent's estate and on behalf of all the surviving heirs or next of kin of the decedent brings these causes of action pursuant to the wrongful death statutes and survival statutes of the respective applicable states.

35.     Prior to his death, Fred Villanueva was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior and subsequent to contact with the ground.

36.     Further, by reason of the survival of decedent's heirs or next of kin, each of them has sustained substantial personal and pecuniary damages including but not limited to, loss of society and companionship, loss of goods and services, loss of support, moral damages and the loss of decedent's earning capacity.

37.     These actions, on behalf of decedent are being brought pursuant to the wrongful death statutes of the respective and applicable states and/or other applicable laws.

## PRAYER

38.     As a result of all of the foregoing, the defendants Cessna Aircraft Company and Goodrich Corporation are liable to the plaintiff for compensatory damages in an amount to be determined later in excess of the amount in controversy as required by law.

WHEREFORE, the plaintiffs, Roberta Villanueva, individually and as personal representative of the estate of Fred Villanueva, deceased, Mark Frederick Villanueva, Matthew Lee Villanueva, Nicole Lynn Villanueva, and Raymond Michael Villanueva, and each of them, pray that judgment be entered in their favor and against the defendants, Cessna Aircraft Company and Goodrich Corporation, and each of them, in an amount representing full compensatory damages for the losses suffered together with interest, attorney's fees and the costs of this action.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues tryable by a jury.

DATED this 21st day of July, 2005.

DEWSNUP, KING & OLSEN

_____
Colin P. King, Esq.
Attorney for Plaintiffs

Plaintiffs' Address:

1651 West Trailside Road
Farmington, UT 84025

12

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert Villanueva, individually and as personal representative of the estate of Fred Villanueva

**(b)** County of Residence of First Listed Plaintiff  **Davis**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Colin P. King; Dewsnup, King & Olsen; 36 S. State Street, 2020 Beneficial Life Tower, SLC, UT 84111; (801) 533-0400

## DEFENDANTS
Cessna Aircraft Company and Goodrich Corporation

County of Residence of First Listed Defendant  **Wichita County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Unknown

FILED
U.S. DISTRICT COURT
2005 JUL 21 P 2:31
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☒ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
14 C.F.R. Part 23
Brief description of cause:
Wrongful Death

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ unspecified
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE n/a
DOCKET NUMBER n/a

DATE  July 20 2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____

Judge Ted Stewart
DECK TYPE: Civil
DATE STAMP: 07/21/2005 @ 14:34:46
CASE NUMBER: 1:05CV00097  TS